UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR FOOD SAFETY,<br>303 Sacramento St,<br>San Francisco, CA 94111,<br><br>   *Plaintiff,*<br><br><br>   v.<br><br><br>U.S. FISH & WILDLIFE SERVICE,<br>5275 Leesburg Pike, MS: IRTM<br>Falls Church, VA 22041,<br><br><br>   *Defendant.* | Case No. 26-921<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act,<br>5 U.S.C. § 552 |

**INTRODUCTION**

1.    The Center for Food Safety ("CFS") brings this civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, challenging the U.S. Fish & Wildlife Service (the "Service")'s unlawful withholding of records regarding the Service's consultation under section 7 of the Endangered Species Act ("ESA") that pertains to the U.S. Environmental Protection Agency (the "EPA")'s re-registration of the herbicide dicamba.

2.    Over seven months ago, on July 28, 2025, CFS filed a FOIA request with the Service (the "FOIA Request") to gain a better understanding of the Service's ESA consultation with respect to the re-registration of the herbicide dicamba. Since its inception in 1997, CFS has closely monitored the EPA's decision-making process regarding its registration of toxic pesticides, including dicamba. To

1

comply with its ESA duties under section 7(a)(2), the EPA must complete ESA consultation with the Service and implement any reasonable and prudent measures to minimize take of individuals prior to final registration of these new products and new uses of dicamba. Consultation with the Service is an essential part of this registration process to ensure adequate protection for listed species. As part of its oversight and advocacy strategy, CFS submitted this request to ensure that the Service is following statutorily mandated procedural protections for listed species with respect to the EPA's re-registration of the herbicide dicamba. The Service has yet to release any records in response to this request.

3.      The Service has violated and continues to violate FOIA by (1) failing to provide an initial determination as to the scope of the records to be produced or withheld, (2) failing to conduct an adequate search for responsive records, (3) failing to produce records in response to CFS's FOIA request, (4) failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records, and (5) failing to provide an estimated date by which the agency's search will be complete.

4.      The Service's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that the Service is in violation of FOIA, and injunctive relief directing the Service to provide responsive records without any further delay.

## JURISDICTION AND VENUE

5.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.    Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.    Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.    Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and protects the environment from the harms of industrial food production. CFS is a membership-based, public interest non-profit organization with over one million members across the country. CFS's mission is to address the adverse impacts of industrial agriculture on public health, animal welfare, and the environment. Through two decades of involvement in public interest and environmental litigation and policymaking, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS employs science and policy experts who have analyzed FOIA, other federal environmental laws, and other environmental and scientific reports for their

entire careers. CFS puts out reports on a range of food and agricultural topics, including pesticides, genetically engineered organisms, food and feed additives, and other topics that tend to be difficult for the layperson to understand without professional assistance.

10.    Since its inception in 1997, CFS has been engaged in efforts to educate our members and the public about the ongoing harms of pesticides, including dicamba, on listed species, pollinators, public health, and the environment. One of CFS's flagship programs is on the adverse environmental, agronomic, and socioeconomic impacts of pesticides. CFS has worked on the dicamba controversy since its inception over a decade and a half ago, including twice succeeding in public interest litigation overturning all prior EPA approvals. CFS has filed a suit against the EPA concerning the re-registration of dicamba that is the subject matter of the request at issue here.

11.    As such, CFS and its members are harmed by the Service's violations of FOIA here, as these violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions in question, and prevent CFS from disseminating information to the public concerning the Service's consultation on dicamba's reregistration under the Endangered Species Act

12.    Defendant U.S. Fish & Wildlife Service is an agency within the United States Government within the United States Department of the Interior. The

Service is in possession and control of the records that CFS seeks, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Service is therefore subject to FOIA.

## LEGAL BACKGROUND

13.    The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)–(9).

14.    FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. 5 U.S.C. § 552(a)(6)(A).

15.    Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. 5 U.S.C. § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. 5 U.S.C. § 552(a)(6)(B)(i).

16.    FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n (CREW)*, 711 F.3d 180, 188 (D.C. Cir. 2013).

17.    For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.*

18.    If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

19.    Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

20.    The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, 266 F.3d 241, 244 (D.D.C. July 20, 2017) (citing *CREW*, 711 F.3d at 189); *see also Clemente v. FBI*, 71

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

21.     FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)–(D).

22.     With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

23.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

24.     FOIA requires agencies to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to a FOIA request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

25.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B). FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from

the complainant." *Id.* FOIA further requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

## STATEMENT OF FACTS

26.     CFS, through its pesticide program, works to protect public health and the environment. As described above, CFS has a long history of championing greater oversight concerning the environmental, health, and agronomic impacts of toxic pesticides.

27.     On July 28, 2025, CFS submitted a FOIA request to the Service via FOIAOnline, seeking "[a]ny and all records relating to interagency cooperation and FWS consultation under Section 7 of the Endangered Species Act, with respect to the EPA's re-registration of herbicide dicamba." CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28.     On August 05, 2025, the Service sent CFS an email from fwhq_foia@fws.gov, acknowledging receipt of July 28, 2025 Request, assigning the request a tracking number (DOI-2025-008281), granting the fee waiver, and stating that the Service expected to provide a determination by October 22, 2025.

29.     On August 05, 2025, CFS responded and asked if it was possible to receive an initial determination before October 22, 2025, and asked how CFS could help expedite the process. The Service did not respond.

30.     On October 07, 2025, CFS sent an email requesting the Service to advise on the status of the July 28, 2025 Request. The Service did not respond.

31.     On December 08, 2025, CFS requested another status update and transferred the case to another attorney at CFS. The Service did not respond.

32.     On December 23, 2025, CFS requested yet another status update on the request. The Service did not respond.

33.     On February 02, 2026, CFS again requested a status update and an initial determination as required by 5 U.S.C. § 552(a)(6)(A) after over half a year of silence from the Service. CFS informed the Service that the request was a high priority for CFS and that it was being harmed by the Service's failure to respond. The Service did not respond.

34.     Over seven months have passed since the Service initially acknowledged CFS's FOIA Request, yet the Service has not provided an initial determination, supplied an estimated date of completion, or produced any responsive records.

35.     As of the date of this complaint, CFS has received no further communications from the Service.

36.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the FOIA Request.

37.    CFS has been required to expend resources to prosecute this action.

## **FIRST CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Comply with FOIA's Mandatory Determination Deadline

38.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

39.    The Service violated FOIA by failing to make a determination on CFS's FOIA Request. 5 U.S.C. § 552(a)(6).

40.    CFS has a statutory right to receive a determination within the congressionally-mandated deadline of twenty working days. *Id.*

41.    To date—over seven months since CFS filed the July, 28 2025 FOIA Request—the Service has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

42.    The Service's failure to make an initial determination regarding the FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. 5 U.S.C. § 552(a)(6)(A)(i).

43.    As such, CFS has exhausted the applicable administrative remedies with respect to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

44.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Service in the foreseeable future.

45.     CFS's organizational activities will be adversely affected if the Service continues to violate FOIA by failing to disclose responsive records as it has in this case.

46.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, the Service will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Conduct an Adequate Search for Responsive Records

47.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

48.     The Service violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)–(D).

49.     CFS has a statutory right to have the Service process its FOIA Request in a manner that complies with FOIA. *Id*.

50.     The Service violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

51.    CFS has exhausted the applicable administrative remedies with respect to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

52.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Service in the foreseeable future.

53.    CFS's organizational activities will be adversely affected if the Service continues to violate FOIA by failing to disclose responsive records as it has in this case.

54.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, the Service will continue to violate CFS's rights to receive public records under FOIA.

**THIRD CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Promptly Disclose All Responsive Records

55.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

56.    The Service violated FOIA by failing to promptly disclose records that are responsive to CFS's FOIA Request. 5 U.S.C. § 552(a)(3)(A).5 U.S.C. § 552(a)(3)(A), (6)(C).

57.    CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for the Service to withhold these records from CFS. *See* 5 U.S.C. § 552(b)(1)–(9).

12

58.    To date, the Service has not provided any records requested by CFS in the FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

59.    As such, the Service is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. The Service's unlawful withholding prejudices CFS's ability to timely obtain public records.

60.    CFS has exhausted the applicable administrative remedies with respect to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

61.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Service in the foreseeable future.

62.    CFS's organizational activities will be adversely affected if the Service continues to violate FOIA by failing to disclose responsive records as it has in this case.

63.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, the Service will continue to violate CFS's rights to receive public records under FOIA.

**FOURTH CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

64.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

65.     The Service violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

66.     CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

67.     To date, the Service has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the FOIA Request, thus prejudicing CFS's ability to obtain public records timely.

68.     CFS has exhausted the applicable administrative remedies with respect to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

69.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Service in the foreseeable future.

70.     CFS's organizational activities will be adversely affected if the Service continues to violate FOIA by failing to disclose responsive records as it has in this case.

14

71.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, the Service will continue to violate CFS's rights to receive public records under FOIA.

## FIFTH CAUSE OF ACTION

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Provide an Estimated Date of Completion

72.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

73.    The Service violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

74.    CFS has a statutory right to have the Service process its FOIA Request in a manner which complies with FOIA. The Service has violated Plaintiff's rights in this regard by its failure to provide an estimated completion date for its response to the FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

75.    The Service's failure to inform CFS of an estimated completion date for the FOIA Request has prejudiced CFS's ability to timely obtain public records.

76.    CFS has exhausted the applicable administrative remedies with respect to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

77.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Service in the foreseeable future.

78.    CFS's organizational activities will be adversely affected if the Service continues to violate FOIA by failing to disclose responsive records as it has in this case.

79.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, the Service will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

CFS respectfully requests that this Court grant the following relief:

1.    Order the Service to provide a lawful initial determination on CFS's FOIA Request as required by FOIA by a date certain.

2.    Order the Service to conduct searches that are reasonably calculated to locate all records responsive to CFS's FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to CFS, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.    Declare that the Service unlawfully failed to make and communicate an initial determination on Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4.    Declare that the Service unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

80.         Declare that the Service unlawfully failed to provide CFS with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(8)(A)(ii)(II).

81.         Declare that the Service unlawfully failed to provide CFS with an estimated date of completion as to the search and production of CFS's FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

5.     Provide for expeditious proceedings in this action.

6.     Award CFS its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7.     Grant such other relief as the Court may deem appropriate.


Dated this 16th day of March 2026.


Respectfully submitted,


*/s/ Amy van Saun*
AMY VAN SAUN (DCD OR0020)
KINGSLY A. MCCONNELL (*pro hac vice application forthcoming*)
Center for Food Safety
2009 NE Alberta Street, Suite 207
Portland, Oregon 97211
(971) 271-7372
Email:  avansaun@centerforfoodsafety.org
            kmcconnell@centerforfoodsafety.org


*Counsel for Plaintiff*


CENTER FOR FOOD SAFETY